## MAXIMINO MARRERO SANTANA

*v.*

## MARQUEZ & COMPANY.

San Juan, Law, No. 403.

### EJECTMENT.

1. In ejectment, plaintiff must recover on the strength of his own title.
2. Actual possession of a part of a tract is constructive possession of all of it unless other persons are in actual possession of other parts.

3. Constructive possession is with the owner of the fee, never with the disseisor.

4. In cases of conflicting boundaries, the party first in possession will be presumed to hold to the limits of his tract.

5. Certificates by the registrar of property are evidence of the statements therein contained.

6. An unrecorded conveyance is not constructive notice of its contents.

7. Persons "present" and "absent," in article 1858 of the Civil Code, mean those "in Porto Rico" and those "out of Porto Rico."

8. Ten-year statute of limitations applied.

Case tried January 16, 1908.

*Mr. Frank Antonsanti,* attorney for plaintiff.

*Mr. F. H. Dexter, Mr. C. Coll y Cuchi,* and *Mr. Felipe Cuchi,* attorneys for defendants.

Instructions by RODEY, Judge:

The facts sufficiently appear from the instructions.

RODEY, Judge, gave the following charge and instructions to the jury:

This is what is known in law as an action in ejectment, wherein the plaintiff claims title to land as described in the complaint or declaration, and as shown by the proofs, against the defendants. You are instructed that, in this sort of an action, a plaintiff recovers upon the strength of his own title, and not upon the weakness of his adversary's; and you are further instructed that, from the evidence in this case, the plaintiff is entitled to recover the whole of the land he sues for

Santana v. Marquez & Co.

or he is entitled to recover none of it; and if you believe, from a preponderance of the evidence, and the law, as given you in these instructions, that he has shown title and possession in himself to the property in question, you will find for the plaintiff for the possession of the land described in the complaint, together with such damages for the wrongful detention thereof as you shall, under these instructions and the evidence, be warranted in finding.

Where the rightful owner is in the actual occupancy of a part of his tract, he is in the constructive and legal possession and seisin of the whole, unless he is disseized by actual occupation and dispossession, and where the possession is mixed, the legal seisin is according to the legal title.

Title draws possession to the owner of the fee. It remains until he is dispossessed, and then no further than actual dispossession by a trespasser, who cannot acquire a constructive possession, which always remains with the owner. This doctrine is founded in justice, favors right, and resists wrong and oppression.

Where two or more are holding land adversely, with a conflict of boundary, and claiming title by possession alone, the one first entering will be presumed to hold to the extent of his boundary, unless that occupancy has been abandoned; and the subsequent entry will not draw to it title while both in possession are claiming to the extent of their respective boundaries.

You are instructed that the certificates of the registry of property offered in evidence are competent evidence of the facts therein recited (but only of those facts).

You are further instructed that only actual notice of a deed can be imputed to a person of an unrecorded deed.

Santana v. Marquez & Co.

You are further instructed that the presumption of law is that a person takes possession of all of the land described in his deed if it is shown that he was taken possession of any of the same.

You are further instructed that all persons litigating in courts of the United States have exactly equal legal right to litigate, and jurors are not at liberty to take into consideration any question of race for or against either party, save in so far as the same might tend, in the opinion of the jury, to induce a witness to favor or lean against the rights of people of the same or of a different race.

As the thirty-year statute of limitations has not yet elapsed as to any of the parties in this case, the court is left to call your attention to the ten-year statute of prescription, which is known as § 1858 of the Civil Code of Porto Rico of 1902, and is as follows: "Ownership and other property rights in real property shall prescribe by possession for ten years as to persons present, and for twenty years with regard to those absent, with good faith and with a proper title."

Under the law, as thus stated, I instruct you that it applies to this case only in case you shall believe, from a preponderance of the evidence, that the land here in controversy is part of the land described in the defendants' deeds, and that they so believed it to be. Then they would be in possession of it, "with good faith and with a proper title." And, if you believe this to be the fact from a preponderance of the evidence, and that they have so been in possession of it by themselves or their predecessors in interest for ten years or more next before this suit, without being dispossessed, then you should find for the defendants. The court defines persons present and persons absent to you as being persons in Porto Rico and out of Porto Rico.

Santana v. Marquez & Co.

It is the particular province of a jury to find the questions of fact in every case when they are submitted to them by the court, and to take the law as to the case from the court itself, and apply that to the facts as they find them. You, of course, are the sole judges of the weight of the evidence, and of the credibility to be attached to the testimony of any witness; and, if you believe that any witness has wilfully sworn falsely as to the testimony he has given in the cause, you may disregard the whole or any portion of such witness's testimony unless the same is corroborated by other facts, evidence, or circumstances in the case. And, in considering the weight to be given to the evidence of any witness, you may take into consideration the interest, if any, such witness may have in the result of the cause. You must always remember that, in a civil case such as this, the plaintiff recovers upon the preponderance of the evidence,— not upon the evidence beyond a reasonable doubt, as is the case in a criminal action; but a preponderance of the evidence, gentlemen, does not necessarily mean that one side or the other side must have introduced more exhibits, papers, documents, or witnesses than the other, but it means that the evidence in favor of that particular side of the controversy preponderates in weight and as to truthfulness in your minds as reasonable men.

No matter what counsel in the case may say to you with reference to the evidence, or what they claim has been proved thereby, you must rely upon your own recollection of it, because you are the judges of that, and must be guided by your own recollection rather than that of counsel.

You are the ones that are responsible, under your oaths, for the verdict in this case. You should decide the cause upon the cold facts as presented to you, and the law as given you by the

Santana v. Marquez & Co.

court, and not permit any sympathies you may have for either side or the counsel in the cause to have the least weight as to the legal rights of the parties to the cause in your minds.

The due administration of justice depends largely upon the honesty, uprightness, and good judgment of jurors, and, too, upon their fearlessness. No one has a right to call you to account for what you shall do, and it is not good policy for jurors to make any statement to anyone as to how they voted when deliberating, or as to which juror or jurors were the cause of the verdict that, in your wisdom, you may see fit to render in the cause. It is expensive to conduct lawsuits. It costs the parties and the government and yourselves as taxpayers money to carry them on; and therefore it is important that a verdict in each case should be arrived at, and for that reason all proper effort should be made between yourselves to come to an agreement in every case. When you fail to arrive at a conclusion, the case necessarily goes back on the docket for trial at another time, and all the work in it is lost, and the expense incurred is fruitless; but nothing in this statement is intended to induce any juror to give up his firm conviction of right and justice as his lights give him to see them, to any other juror, if he believes, by so doing, that a wrong would be inflicted upon the side against which he gives way.

Of course, you will understand that counsel have a perfect right, and it is their duty, to insist upon the rights of their clients. They would be derelict in the same if they neglected it; and within those lines it is also their duty to aid you in arriving at a just conclusion. It is the duty of the court and jury to hold the scales of justice even between the parties, and permit the balance to swing in favor of the side that may have the law

Santana v. Marquez & Co.

and the right to it. Therefore, as you are the sole judges of the facts in the case, you must find the same irrespective of anything counsel may have said during the trial, or anything the court may have said during the trial, save as to questions of law. Those you should receive from the court, and these instructions are the court's final view on that subject. You should find your verdict from a careful examination and consideration of all the exhibits, instructions, and evidence in the case, and the court presumes you will. Neither the court nor the jury can make a jest of justice. The rights of the parties and the laws of the country must be observed.

Two forms of verdict will be given you, gentlemen, one of which, when you arrive at a verdict in accordance with it, will be signed by one of your number whom you will name for that purpose as foreman, and return into court. The pleadings, exhibits, and these instructions will be given you to carry to your quarters, where you are to deliberate upon the case; and, with this statement, the cause is, in all confidence, submitted for your decision.

The jury failed to reach a verdict, and thereafter the parties stipulated that the court alone should decide it.